## Saunders, Adm'r, *et al.*, Appellants, *v.* Morse, Adm'r, &c.

An order for a change of venue in vacation, must be under the hand and seal of the judge, to the clerk of the court in which the cause is pending, directing him to transmit the papers in the cause to the clerk of the court to which the venue is changed.

On application for a change of venue in term time, an order of the court is necessary. The statement of the clerk, that the venue was changed, is insufficient, and will not give jurisdiction of the cause to the court to which the papers are transmitted.

APPEAL from the circuit court of Claiborne county.

This suit was originally commenced in Warren county, and was subsequently changed to Claiborne county in consequence of a declaration in the record by the clerk to the following effect:

" And the venue in this cause is now changed from said Warren county to the county of Claiborne."

There was a plea by the defendant to the jurisdiction of the circuit court of Claiborne county; to which plea the plaintiff demurred, and demurrer sustained by said court.

There were other points made in this case, but are not involved in the decision of the court.

Hughes, for the appellant, contended that the cause should have been stricken from the docket of the Claiborne circuit court for want of jurisdiction and sent back to Warren county. In support of this position he referred to Rev. Code, p. 188, sect. 9; and to 4 Yerger 579.

Smith, *contra.*

Mr. Justice PRAY delivered the opinion of the court.

Among the errors assigned, the only one which we deem necessary to examine is the following:

9*

[Saunders, Adm'r, *et al.*, Appellants, *v.* Morse, Adm'r, &c.]

The circuit court of the county of Claiborne took cognisance of this case upon a pretended change of venue, and gave judgment for the plaintiffs below; when by the law of the land the cause should have been stricken from the docket, or sent back to the county where alone the cause was cognisable.

On examining this record we find that the suit was instituted in the circuit court of the county of Warren, where the cause was put at issue. After the pleadings are completed this entry is made by the clerk: " And the venue in this case is now changed from Warren county to the county of Claiborne."

In the Rev. Code, p. 188, sect. 9, it is provided, " that the judge awarding a change of venue according to this act, shall, if in vacation issue an order under his hand and seal, to the clerk of the circuit court wherein the suit may be depending, to transmit the papers belonging to and filed in the cause, to the clerk of the court to which the venue shall be changed, which order shall be returned with the petition and filed with the other papers in the suit."

There is nothing in the record and papers in this cause which indicates that the change of venue was made in vacation. We come to the conclusion then that if a change was made it was made in term time.

It is believed that courts of record can only manifest their orders, judgments and decrees by their record. That an order of the court, for the change of venue, on an application in term time addressed to it, is necessary, we regard as self evident. In this case there is no such order in the record or other papers in the cause. We conclude, therefore, that there was none. And without such order the circuit court of Claiborne could take no jurisdiction of the cause. The statement of the clerk is insufficient; nothing can supply the want of the order. As well might this court take jurisdiction of a case in which the clerk of the court below should state in the record, " that a bond in due form had been executed and filed in his office authorising the award of a writ of error; and that the writ had been issued according to the forms of law."

A case thus circumstanced we should dismiss for want of jurisdiction, without hesitation; and we think the circuit court of

[Saunders, Adm'r, *et al.*, Appellants, *v.* Morse, Adm'r, &c.]

the county of Claiborne had as little foundation for proceeding to judgment in the cause under consideration.

The judgment of the court below must, therefore, be reversed, and the cause stricken from the docket, with costs.